**SUE ELLEN WOOLDRIDGE**
United States Department of Justice
Environment and Natural Resources Division
Washington, D.C.
**TIMOTHY M. BURGESS**
United States Attorney
Anchorage, Alaska
**MARK A. NITCZYNSKI**
US Department of Justice
Environmental Defense Section
1961 Stout Street - 8th Floor
Denver, CO   80294
Phone: (303) 844-1498
Fax: (303) 844-1350
**RICHARD L. POMEROY**
**DANIEL COOPER**
Assistant United States Attorney
District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513
Telephone: (907) 271-5071

Attorneys for Plaintiff United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. A-01-378 Civil (RRB) |
| v. ) | |
| ) | |
| **CLARENCE ABELDGAARD,** ) | STATUS REPORT |
| **OCEANVIEW ENTERPRISES, INC.,** ) | |
| **CLOYD MOSER and MODEB** ) | |
| **INVESTMENTS,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the August 16, 2006 Minute Order From Chambers Requesting Status Report (Docket No. 152), Plaintiff United States of America ("United States") hereby submits this Status Report.

1. On July 6, 2005, this Court entered the Consent Decree With Cloyd Moser and Modeb Investments, which settled the United States' Clean Water Act claims against Mr. Moser and Modeb Investments set forth in the First Amended Complaint. That Consent Decree does not address the United States' claims against the other defendants in this litigation: Clarence Abeldgaard, Oceanview Enterprises, Inc. ("Oceanview") and Geraldine Barling.

2. This Court already has held both Mr. Abeldgaard and Oceanview liable for, among other things, the illegal discharge of fill material at twenty-two violation sites. Order Granting Plaintiff's Motion for Partial Summary Judgment (Aug. 21, 2003) at 1-2, 4. The United States made several attempts to negotiate with Mr. Abeldgaard and Oceanview but those efforts were fruitless. Among other things, Mr. Abeldgaard contended that neither he nor Oceanview had the financial ability to pay for a civil penalty, restoration of the illegally filled violation sites or a meaningful supplemental environmental project (which could reduce the amount of the civil penalty).

3. After Mr. Abeldgaard and Oceanview failed to provide meaningful responses to the United States' discovery requests, the United States performed its own extensive research into the finances of Mr. Abeldgaard and Oceanview, and produced an expert report on those issues. That report also included an analysis of Ms. Barling's finances, which demonstrated her involvement in the financing and operation of Oceanview.

4. On September 30, 2005, based on the United States' research and the opinions of its financial expert, the United States filed its Motion to Amend Complaint to Add Geraldine Barling as a Defendant, based on piercing the corporate veil of Oceanview. The Court granted that motion on November 3, 2005.

5.	After the United States promptly filed and served the Second Amended Complaint, counsel for Ms. Barling filed three motions for extensions of time to file an answer. See Docket Nos. 145, 147, 149. The Court granted those motions, resulting in a due date of May 26, 2006. See Docket No. 150. To date, no answer has been filed on behalf of Ms. Barling. See Docket No. 152.

6.	The United States and Ms. Barling have been engaged in settlement negotiations since early January, 2006. During that time, however, Ms. Barling has taken extraordinary lengths of time to provide two settlement proposals.

7.	To assist Ms. Barling in developing an initial proposal, the United States provided background documentation and information, and fielded numerous questions from Ms. Barling's counsel to clarify what the proposal should contain. After counsel for the United States repeatedly checked on the status of the proposal, Ms. Barling provided an initial proposal in early April, 2006. The United States responded eleven days later.

8.	After the United States sent its settlement response, counsel for the United States inquired numerous times on the status of Ms. Barling's counterproposal, pointing out that too much time again was passing without a proposal from Ms. Barling, and seeking action on the counterproposal. One of those inquiries, a June 12, 2006 letter to Ms. Barling's counsel, reminded counsel that Ms. Barling's answer was due May 26. That letter also encouraged counsel to immediately either file an answer or provide a settlement response and seek a request for an extension of time to file an answer in an effort to avoid default judgment proceedings under Fed. R. Civ. P. 55.

9.	Ms. Barling provided her second settlement proposal on August 6, 2006. The

August 6, 2006 settlement proposal contains a number of complex contingencies, reservations or prerequisites before certain required environmental restoration work items can be performed.

      10.    While the United States appreciates the efforts that Ms. Barling and her counsel have made to achieve a settlement, it has taken far too much time for Ms. Barling to provide her two settlement proposals. In order to move the settlement process forward most quickly, on August 18, 2006, the United States informed counsel for Ms. Barling that the United States would draft a proposed consent decree, including a work plan for the required restoration items.[1] A draft consent decree should move this matter forward as quickly as possible, whether it leads to a mutually agreeable settlement or to further litigation.

    Respectfully submitted,

    SUE ELLEN WOOLDRIDGE
    Assistant Attorney General
    Environment and Natural Resources Division
    UNITED STATES DEPARTMENT OF JUSTICE

     /s/ Mark A. Nitczynski
    MARK A. NITCZYNSKI
    Environmental Defense Section
    UNITED STATES DEPARTMENT OF JUSTICE
    1999 18th Street, Ste. 945
    Denver, CO   80202
    PHONE: (303) 312-7300
    FAX: (303) 312-7331

    TIMOTHY M. BURGESS
    United States Attorney
    District of Alaska
    RICHARD L. POMEROY
    Assistant U.S. Attorney

---

[1] The United States also pointed out that it continues to maintain all of its rights in the litigation, which has not been stayed.

OF COUNSEL:
DAVID ALLNUTT
U.S. ENVIRONMENTAL PROTECTION AGENCY,
REGION X
Seattle, Washington

Attorneys for Plaintiff United States

CERTIFICATE OF SERVICE

I, Mark A. Nitczynski, certify that on this August 23, 2006, I caused to be filed electronically the foregoing STATUS REPORT with the Clerk of Court using the CM/ECF system, which sent a Notice of Electronic Filing to Darryl L. Thompson (counsel for Defendant Gerladine Barling), and that I caused hard copies of the foregoing Status Report to be served by United States mail on the following persons:

Lawrence V. Albert
P.O. Box 200934
Anchorage, AK 99520

Counsel for Cloyd Moser and Modeb Investments

C.E. Abeldgaard
Oceanview Enterprises, Inc.
P.O. Box 891
Homer, Alaska 99603

*Pro Se*

  /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI