**SUE ELLEN WOOLDRIDGE**
**United States Department of Justice**
**Environment and Natural Resources Division**
**Washington, D.C.**
**NELSON COHEN**
**United States Attorney**
**Anchorage, Alaska**
**MARK A. NITCZYNSKI**
**US Department of Justice**
**Environmental Defense Section**
**1961 Stout Street - 8th Floor**
**Denver, CO  80294**
**Phone: (303) 844-1498**
**Fax: (303) 844-1350**
**RICHARD L. POMEROY**
**DANIEL COOPER**
**Assistant United States Attorney**
**District of Alaska**
**Federal Building & U.S. Courthouse**
**222 West Seventh Avenue, #9**
**Anchorage, Alaska  99513**
**Telephone: (907) 271-5071**

**Attorneys for Plaintiff United States of America**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. A-01-378 Civil (RRB) |
| v. | ) | |
| | ) | |
| **CLARENCE ABELDGAARD,** | ) | **STATUS REPORT** |
| **OCEANVIEW ENTERPRISES, INC.,** | ) | |
| **CLOYD MOSER and MODEB** | ) | |
| **INVESTMENTS,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the August 31, 2006 Minute Order From Chambers Requesting Status Report

[Docket 154], Plaintiff United States of America ("United States") hereby submits this Status

Report.

1.      The United States' claims under the Second Amended Complaint against

        Clarence

Abeldgaard, Oceanview Enterprises, Inc. ("Oceanview") and Geraldine Barling have not been

resolved.[1/]

2.      As this Court is aware, this Court previously has held both Mr. Abeldgaard and

Oceanview liable for, among other things, the illegal discharge of fill material at twenty-two

violation sites.  Order Granting Plaintiff's Motion for Partial Summary Judgment (Aug. 21,

2003) at 1-2, 4.  The United States made several attempts to negotiate with Mr. Abeldgaard and

Oceanview but those efforts were fruitless.  Among other things, Mr. Abeldgaard contended that

neither he nor Oceanview had the financial ability to pay for a civil penalty, restoration of the

illegally filled violation sites or a meaningful supplemental environmental project (which could

reduce the amount of the civil penalty).

3.      After Mr. Abeldgaard and Oceanview failed to provide meaningful responses to

the United States' discovery requests, the United States performed its own extensive research

into the finances of Mr. Abeldgaard and Oceanview, and produced an expert report on those

issues.  That report also included an analysis of Ms. Barling's finances, which demonstrated her

involvement in the financing and operation of Oceanview.

4.      On September 30, 2005, based on the United States' research and the opinions of

its financial expert, the United States filed its Motion to Amend Complaint to Add Geraldine

---

[1/]     On July 6, 2005, the Court entered the Consent Decree With Defendants Cloyd Moser
and Modeb Investments, which resolved the liability of Cloyd Moser and Modeb Investments
under the First Amended Complaint.

Barling as a Defendant, based on piercing the corporate veil of Oceanview.  The Court granted

that motion on November 3, 2005.

     5.     After the United States promptly filed and served the Second Amended

Complaint, counsel for Ms. Barling filed three motions for extensions of time to file an answer.

<u>See</u> Docket Nos. 145, 147, 149.  The Court granted those motions, resulting in a due date of May

26, 2006.  <u>See</u> Docket No. 150.  To date, no answer has been filed on behalf of Ms. Barling.  <u>See</u>

Docket No. 152.

     6.     The United States and Ms. Barling have been engaged in settlement negotiations

since early January, 2006.  During that time, however, Ms. Barling has taken extraordinary

lengths of time to provide two settlement proposals.

     7.     Ms. Barling provided her second settlement proposal on August 6, 2006.  The

August 6, 2006 settlement proposal contained a number of complex contingencies, reservations

or prerequisites before certain required environmental restoration work items can be performed.

     8.     As set forth in the Status Report filed by the United States on August 31, 2006

[Docket 153], the United States believed that sending a draft consent decree was the most

effective way to move the settlement process forward.  Accordingly, the United States drafted a

consent decree, including a draft restoration plan that provides, <u>inter alia</u>, detailed specifications

for restoration work at various sites, timelines for completing the work, and success criteria for

determining whether the work was completed properly.  The United States provided that draft

consent decree and restoration plan to counsel for Ms. Barling on November 2, 2006, and asked

for a response by December 1, 2006.  The United States continues to maintain all of its rights in

the litigation, which has not been stayed.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
UNITED STATES DEPARTMENT OF JUSTICE


   /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI
Environmental Defense Section
UNITED STATES DEPARTMENT OF JUSTICE
999 18th Street, Ste. 945
Denver, CO   80202
PHONE: (303) 312-7300
FAX: (303) 312-7331

NELSON COHEN
United States Attorney
District of Alaska
RICHARD L. POMEROY
Assistant U.S. Attorney

OF COUNSEL:
DAVID ALLNUTT
U.S. ENVIRONMENTAL PROTECTION AGENCY,
REGION X
Seattle, Washington

Attorneys for Plaintiff United States

CERTIFICATE OF SERVICE

I, Mark A. Nitczynski, certify that on this November 6, 2006, I caused to be filed electronically the foregoing STATUS REPORT with the Clerk of Court using the CM/ECF system, which sends a Notice of Electronic Filing to Darryl L. Thompson (counsel for Defendant Gerladine Barling), and that I caused hard copies of the foregoing Status Report to be served by United States mail on the following persons:

Lawrence V. Albert
P.O. Box 200934
Anchorage, AK 99520

Counsel for Cloyd Moser and Modeb Investments

C.E. Abeldgaard
Oceanview Enterprises, Inc.
P.O. Box 891
Homer, Alaska 99603

*Pro Se*

  /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI