DARRYL THOMPSON, P.C.
841 I Street
Anchorage, Alaska  99501
PH:       (907) 272-9322
FAX:      (907) 277-1373
ABA: 8706055

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLARENCE ABELDGAARD, | ) |
| OCEAN VIEW ENTERPRISES, INC., | ) |
| CLOYD MOSER, MODEB | ) |
| INVESTMENTS AND GERALDINE | ) |
| BARLING, | ) |
| | ) |
| Defendants. | ) |
| _____) | Case No.  A01-378 CI (RRB) |

MOTION & MEMORANDUM FOR LEAVE TO
LATE FILE AN ANSWER TO THE COMPLAINT

COMES NOW, Geraldine Barling, by and through her undersigned

counsel, Darryl L. Thompson, who hereby requests leave to late file her Answer to

the Second Amended Complaint.  This motion is filed under Rule 6(b) of the

Federal Rules of Civil Procedure and Local Rule 7.1 and is based on the following.

Under Federal Rule of Civil Procedure 6(b), "the court for cause shown

may at any time in its discretion (1) with or without motion or notice order the

period enlarged if request therefor is made before the expiration of the period

originally prescribed or as extended by the previous order, or (2) upon motion

made after the expiration of the specified period permit the act to be done where

1

the failure to act was the result of excusable neglect." In <u>Pioneer Investment Services Co. v. Brunswick Associates L.P.,</u>507 U.S. 380, 113 S. Ct. 1489 (1993), the Supreme Court discussed what constitutes "excusable neglect" as the term is used in Bankruptcy Rule 9006 and that definition is applicable here. The Pioneer Court recognized that "by empowering the courts to accept late filings, Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id., 113 S.Ct. at 1495. The <u>Pioneer</u> Court applied a liberal definition to excusable neglect, and other Courts have held that participating in good faith settlement discussions constitutes excusable neglect. <u>See, e.g.,</u> <u>GCIU Employer Retirement Fund v. Chicago Tribune Co.</u>, 8 F.3d 1195, 1200 (7th Cir. 1993) (accepting the possibility of settlement as a justification for inactivity); <u>In re Beltrami Enters.,</u>178 B.R. 389, 392-393 (M.D. Pa. 1994) (negotiating with opposing party is evidence of good faith). Moreover, the failure on the part of the attorney, rather than the party can constitute excusable neglect. See <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,</u>843 F.2d 808 (4th Cir. 1988).

In the instant case, settlement discussions recently failed to produce a favorable result, although negotiations were made in good faith. Excusable neglect exits and leave to late file the answer should be granted.

///

///

DARRYL L. THOMPSON, P. C.
841 "I" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

DATED this 26th day of January 2007.


        s/Darryl L. Thompson
        841 I Street
        Anchorage, Alaska 99501
        907-272-9322
        907-277-1373- Fax
        darrylthompson@akdltlaw.com
        ABA: 8706055


Certificate of Service

I certify that on 1/26/07,
a copy of this foregoing document
was served electronically on

Lawrence Albert
P.O. Box 200934
Anchorage, Alaska 99520

C.E. Abeldgaard
Oceanview Enterprises, Inc.
P.O. Box 891
Homer, Alaska 99603

Mark A Nitczynski
U.S. Department of Justice
Environmental Defense Section
999 18th Street, Suite 945
Denver, CO 80202

Richard L. Pomeroy
Assistant U.S. Attorney
District of Alaska
Federal Building & U.S. Courthouse
222 W. 7th Avenue, Room 9
Anchorage, Alaska 99513

s/ Darryl L. Thompson

DARRYL L. THOMPSON, P.C.
841 "I" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373