DARRYL THOMPSON, P.C.
841 I Street
Anchorage, Alaska  99501
PH:      (907) 272-9322
FAX:    (907) 277-1373
ABA: 8706055

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLARENCE ABELDGAARD, ) | |
| OCEAN VIEW ENTERPRISES, INC., ) | |
| CLOYD MOSER, MODEB ) | |
| INVESTMENTS AND GERALDINE ) | |
| BARLING, ) | |
| ) | <u>ANSWER</u> |
| Defendants. ) | |
| _____) | Case No.  A01-378 CI (RRB) |

GERALDINE BARLING, by and through undersigned counsel, answers the Second Amended Complaint as follows:

1. Paragraph 1 states legal conclusions to which no response is necessary.

2. Paragraph 2 states legal conclusions to which no response is necessary.

3. Paragraphs 3, 4, & 5 state legal conclusions to which no response is necessary; however, Barling admits to the jurisdiction of this Court.

4. Paragraph 6 is admitted.

5. Paragraph 7 is admitted.

6. Paragraph 8 is admitted in part and denied in part. Oceanview Enterprises was an Alaska Corporation engaged in property development but no longer engages in such activity.

7. Paragraph 8a is admitted.

8. Insufficient information to admit or deny Paragraph 9; therefore denied.

9. Insufficient information to admit or deny Paragraph 10; therefore denied.

10. Paragraph 11 is denied, Barling did not control the real property at issue.

11. Paragraph 9 through 24 under the heading "Statutory and Regulatory Requirements" all call for legal conclusions and no answer is necessary.

12. Paragraph 25 is admitted.

13. Paragraph 26 is admitted.

14. Insufficient information to admit or deny paragraph 27; therefore denied.

15. Paragraph 28 is admitted in part; "substantial portion" calls for a conclusion; therefore it is denied.

16. Insufficient information to admit or deny Paragraph 29 in its totality; therefore denied. Barling did not engage in any of the activity alleged in Paragraph 29.

17. Insufficient information to admit or deny Paragraph 30; therefore denied. Barling did not engage in any of the activity alleged in Paragraph 30.

  18.  Insufficient information to admit or deny Paragraph 31-62; therefore denied.  Barling did not engage in any of the activity alleged in Paragraph 31-62 and it does not appear that any of the allegations are directed at Barling.

  19.  Paragraph 64 is admitted.

  20.  Paragraph 65 is denied.

  21.  Paragraph 66 is denied.

  22.  Paragraph 67 is denied.

  23.  Paragraph 68 is denied.

### AFFIRMATIVE DEFENSES

  1.  Estoppel.

  2.  Innocent Spouse.

  3.  Barling had no control over the corporation and at all times acted in good faith.

  4.  Barling had no control over development decisions and did not engage in any of the activity complained of in plaintiff's complaint.

  WHEREFORE, defendant Barling requests the following relief;

  1.  Dismissal with prejudice of all claims asserted against Barling.

  2.  An award of costs and attorney fees incurred in defending against these claims.

DATED this 26th day of January 2007.

s/Darryl L. Thompson
841 I Street
Anchorage, Alaska 99501
907-272-9322
907-277-1373- Fax
darrylthompson@akdltlaw.com
ABA: 8706055

Certificate of Service

I certify that on 1/26/2007,
a copy of this foregoing document
was served electronically on

Lawrence Albert
P.O. Box 200934
Anchorage, Alaska 99520

C.E. Abeldgaard
Oceanview Enterprises, Inc.
P.O. Box 891
Homer, Alaska 99603

Mark A Nitczynski
U.S. Department of Justice
Environmental Defense Section
999 18th Street, Suite 945
Denver, CO 80202

Richard L. Pomeroy
Assistant U.S. Attorney
District of Alaska
Federal Building & U.S. Courthouse
222 W. 7th Avenue, Room 9
Anchorage, Alaska 99513

s/ Darryl L. Thompson